## In the Court of Common Pleas of Schuylkill County.

RUTH LEIB et al., Adm's DANIEL H. LEIB, dec'd, v. JAMES LANIGAN.

It is no defence to a suit on an accommodation note, brought by the endorsee against the maker, that the endorsee purchased it for a less sum than its face called for.

Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

Opinion delivered March 8th, 1875, by

PERSHING, P. J.   The affidavit of defence in this case alleges that the note in suit is one of several renewals of an accommodation note made by the maker, (the defendant), for the benefit of the payee, by whom it was endorsed to the plaintiff; and that the plaintiff, with the knowledge that the maker received no consideration from the payee, discounted the original note and the renewals at a usurious rate of interest.   Defendant avers that on this ground he is entitled to a credit on the note in suit of five hundred dollars and upwards.

In support of this as constituting a defence the case of Gaul v. Willis, 2 Casey, 259, has been cited.   There the holder, who was the second endorser, was allowed to recover from the maker of an accommodation note the entire amount according to its tenor, though the discount at each negotiation exceeded six per cent.   It is said, however, by the court, that the plaintiff had no notice whatever of the purpose for which the note was made.  Want of knowledge in that case is made to distinguish it from this one, where knowledge on the part of the plaintiff that as between the maker and the payee the note was a mere accommodation, is distinctly alleged.   Suppose the allegation to be proved, we do not think it would stand in the way of a recovery by the plaintiff.   The *bona fide* sale of a note, bond or other security at a greater discount than would amount to legal interest is not, *per se*, a loan, although the note may be endorsed by the seller, and he remains responsible, 9 Peters, 103 ; 6 Ohio St. R. 19.   An action by an endorsee against the maker cannot be defeated by showing that no consideration passed to the maker from

the payee and endorser.   It is sometimes said that such defence is good against the endorsee, when he took the paper with notice of the want of consideration, or of any circumstances which would have avoided the note in the hands of the endorser.   But the case of an accommodation note, whether made or endorsed for the benefit of the party to whom the maker or endorser intends to lend his credit, is an exception to this rule. If A. makes a note to B. or his order, intending to lend B. his credit, and gives it to B. to raise money on. B. cannot sue A. on that note ; but if he endorses it to C., who discounts the note in good faith, knowing it, however, to be an accommodation note, and without valuable consideration, C. can nevertheless recover the money from A.   The maker may, therefore have a defence against the payee which he cannot have against the endorsee, who has knowledge of that defence.    1 Pars. Con. 215. In addition to the authorities cited by this author, we may refer to Moore v. Baird, 6 Casey, 138.   That case decides that "the endorsee of an accommodation note may recover the whole amount of it from the maker, although he purchased it from the payee at a greater discount than six per cent."   And this is true, though the holder at the time he purchased, knew that it was an accommodation note, and that there was no consideration between the maker and payee.   This case decides every question raised by the affidavit of defence before us.

The subject is discussed at length in 2 Pars. on Con. 221, *et seq.* in the section on "Sales of Notes and other choses in action."   See also Fullweiler v. Hughes, 5 Harris, 440 ; Lord v. Ocean Bank, 8 Harris, 384.

The maker of the note is called on in this action to do nothing more than he has promised.   He has nothing to do with the fact that the holder of the note purchased it for a less sum than its face called for.

And now, March 8th, 1875, it is directed that the rule be made absolute, and that judgment be entered in favor of the plaintiff for want of a sufficient affidavit of defence.